UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY A. WILLIAMS, et al.,

    Plaintiffs,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, et al.

    Defendants.

_____/

Case No. 13-11036

Honorable Nancy G. Edmunds

**<u>OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [4]</u>**

Tony and Gwendolyn Williams ("Plaintiffs") filed an action on February 25, 2013 in the Wayne County Circuit Court against Defendant Deutsche Bank National Trust Company as Trustee for GSAMP 2002-HE 2 Mortgage Pass Through Certificates, Series 2002-HE2 ("Deutsche Bank") and against Defendant Ocwen Loan Servicing, LLC ("Ocwen") seeking to (1) set aside the foreclosure of Plaintiffs' property and (2) obtain a preliminary injunction and declaratory relief from the foreclosure sale of Plaintiffs' property. Defendants Deutsche Bank and Ocwen (collectively, "Defendants") then removed this action to this Court on March 7, 2013. Plaintiffs contend that under Mich. Comp. Laws § 600.3205, Defendants did not have the right to foreclose on Plaintiffs' property and because Defendants wrongfully foreclosed on Plaintiffs' home in violation of Mich. Comp. Laws. § 600.3204(1)(d), Plaintiffs' are entitled to a preliminary injunction and declaratory relief as a result.[1]

---

[1] This opinion considers Plaintiffs' complaint that accompanied the Notice of Removal to Federal Court from the Wayne County Circuit Court, (ECF No. 1, Notice of Removal), as well as a

1

This matter comes before this Court on Defendants' motion to dismiss. For the reasons stated below, Defendants' motion to dismiss is GRANTED.

I. Facts

**A. Plaintiffs' Purchase of the Property, Securing of Loan, and Execution of Mortgage**

On or about April 29, 1992, Plaintiffs purchased the real property located at 17167 Edinborough, Detroit, Michigan 48219 (the "Property"). (ECF No. 1, Pls.' Compl., ¶ 7.) On April 4, 2002, Plaintiffs obtained a loan from Lendsource, Inc. ("Lendsource") in the principal amount of $163,000.00 and executed a promissory note against the Property. (ECF No. 1, Pls.' Compl., ¶ 7; Defs.' Mot. Dismiss, Ex. 3.) Plaintiffs executed and delivered the mortgage to Mortgage Registration Systems, Inc. ("MERS") as Nominee for Lendsource, which was registered and recorded on May 8, 2002 at Liber 36119, Page 1512 with the Wayne County Register of Deeds (the "Mortgage"). (Defs.' Mot., Ex. 3, Mortgage.) On June 1, 2009, Plaintiff Tony Williams entered into a Loan Workout Plan (Step One of Two-Step Documentation Process) with Litton Loan Servicing LP, stating that "[i]f I am in compliance with this Loan Workout Plan . . . then the lender will provide me with a Loan Modification Agreement . . . ." (ECF No. 1, Pls.' Compl., ¶ 10, & Ex. A.)

**B. Assignment of Mortgage to Deustche Bank**

On June 25, 2009, MERS assigned the Mortgage to Deutsche Bank National Trust Company as trustee for the holders of GSAMP 2002-HE2, Mortgage Pass

---

another, not verified, complaint that Plaintiffs' Counsel filed on August 9, 2013. (ECF. No. 8, Supp. Resp.) Plaintiffs appeared to file this complaint on February 27, 2013, two days after the original, verified complaint.  There are two additional counts in the February 27, 2013 complaint, which are addressed below. (*Id.*)

Through Certificates, Series 2002-HE2. (Defs.' Mot., Ex. 4, the "Assignment.") The Wayne County Register of Deeds recorded this assignment on July 07, 2009. (*Id.*)

### C. Plaintiffs' Default on Mortgage Note; Notice of Right to Modification Mailed and Published

According to Defense counsel, Plaintiffs fell into default in late 2011. (Defs.' Mot., at 2.) Pursuant to Mich. Comp. Laws § 600.3205a, Randall S. Miller & Associates, P.C. ("Miller & Associates"), counsel for Deutsche Bank, mailed a notice of modification opportunity letter to Plaintiffs on November 14, 2011. (Defs.' Mot., Ex. 5, at 6, Aff. of Publ'n of MCLA 600.3205a Notice of Mod. Opp.; Ex. 5, at 8, Aff. of Compliance Pursuant to MCL 600.3205a-3205c.) This letter notified Plaintiffs of their right to request a meeting to modify their mortgage loan, the means to contact a housing counselor, and instructions on how to contact an attorney through the Michigan State Bar Referral Service. (*Id.*) Miller & Associates also published the same notice on November 15, 2011 in The Detroit Legal News, a paper circulated weekly within Wayne County. (*Id.*) Despite publication, Plaintiffs claim there was no notice. (Pl.'s Resp., at 1.) Under Mich. Comp. Laws § 600.3205a(1)(d), Plaintiffs had 30-days after the notice was sent to request a meeting to attempt to modify the mortgage loan and avoid foreclosure; Miller & Associates did not receive a response from Plaintiffs or from a housing counselor representing Plaintiffs within the statutory timeframe, which ended December 15, 2011. (Mich. Comp. Laws §§ 600.3205a(1)(c-d); Defs.' Mot., Ex. 5, at 8, Aff. of Compliance Pursuant to MCL 600.3205a-3205c.)

### D. Notice of Foreclosure Mailed to Plaintiffs; Notice of Foreclosure Sale Published

3

Pursuant to Mich. Comp. Laws § 600.3201 et. seq., Miller & Associates initiated non-judicial foreclosure proceedings by advertisement against Plaintiffs on April 12, 2012. (Defs.' Mot., Ex. 5, at 8, Aff. of Compliance Pursuant to MCL 600.3205a-3205c.) Miller & Associates published the Foreclosure Notice in The Detroit Legal News' Wayne County paper on April 12, April 19, and May 3, 2012. (Defs. Mot., Ex. 5, at 5, Aff. of Publ'n of Foreclosure Notice.) Miller & Associates also posted the Foreclosure Notice on April 14, 2012 onto the front door of the Property. (Defs. Mot., Ex. 5, at 4, Foreclosure Notice Evidence of Sale.) The published and posted Foreclosure Notice specified that Miller & Associates was initiating foreclosure because Plaintiffs were in default, that the outstanding balance was $213,135.08, and that Plaintiffs would have a six-month redemption period from the date of a foreclosure sale. (*Id.,* Ex. 5, at 4-5.)

Plaintiffs claim that they attempted to obtain a loan modification agreement with Ocwen sometime in 2012. On May 3, 2012, well after the expiration of the 30-day statutory timeframe to request a meeting for modification (December 15, 2011), Ocwen sent Plaintiffs a letter stating "We are unable to offer you a modification because: Unfortunately, the owner of your loan does not allow loan modifications." (Pls. Resp., Ex. B, Ltr. Re. Modification.)

**E. Property Sold at Sheriff's Sale to Deutsche Bank; Complaint Filed by Plaintiffs**

On June 14, 2012, Deutsche Bank was the successful bidder for the Property at a price of $234,962.63. (Defs.' Mot., Ex. 5, at 1, Sheriff's Sale.) The Wayne County Register of Deeds recorded the Sheriff's Deed on June 28, 2012. (*Id.*) Based on the six-month statutory redemption period under Mich. Comp. Laws § 600.3240, Plaintiffs had until December 14, 2012 to redeem the property. (Defs.' Mot., Ex. 5, at 3, Aff. of

Auctioneer; Ex. 5, at 9, Aff. Re. Redemption.) Plaintiffs failed to redeem the Property by the close of the redemption period. (*Id.*)

Plaintiffs filed suit on February 25, 2013 in the Wayne County Circuit Court. Defendants removed the action to this Court on March 7, 2013. Defendants' filed a motion to dismiss on May 9, 2013. On July 26, 2013, Plaintiffs complied with a July 18th order issued by this Court to file a response to Defendants' motion to dismiss.

## II.     Standard of Review – Rule 12(b)(6) Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted); *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." (*Id.* (internal quotation marks and citation omitted)). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." (*Id.* at

679.) "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." (*Id.* (internal quotation marks and citation omitted)). Thus, "a court considering a motion to dismiss can provide the framework for a complaint; they must be supported by factual allegations. Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." (*Id.*) In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,]' to state a claim for relief that is plausible on its face." (*Id.* at 678 (internal quotation marks and citation omitted)).

In reviewing and ruling upon a motion to dismiss, a court may look to documents that are "not formally incorporated by reference or attached to a complaint," if the "document is referred to in the complaint and is central to the plaintiff's claims." *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999)(citation omitted). A court's consideration of these documents does not convert the motion to dismiss into a motion for summary judgment. (*Id.* (citation omitted)).

### III.    Analysis

In their brief Complaint, Plaintiffs allege that Deutsche Bank was not entitled to foreclose on the Property because they were eligible for a modification under Mich. Comp. Laws § 600.3205(e)(1), Deutsche Bank failed to agree to a loan modification, and Deutsche Bank failed to provide calculations in accordance with Mich. Comp. Laws

§ 600.3205(c) (Count I). The Complaint also alleges that Plaintiffs will suffer irreparable harm if they are evicted and request a preliminary injunction enjoining their eviction from the Property (Count II).

Defendants' motion to dismiss argues that: (1) Plaintiffs lack "standing" to challenge the validity of the foreclosure because they failed to redeem the Property prior to the expiration of the statutory redemption period and have not alleged sufficient fraud or irregularity to warrant setting aside the foreclosure; (2) the remedy requested by Plaintiffs, to set aside the foreclosure under Mich. Comp. Laws § 600.3205c, fails as a matter of law because Mich. Comp. Laws § 600.3205c(8) only allows that a foreclosure by advertisement to be converted to a judicial foreclosure; (3) Plaintiffs cannot seek an injunction as a "stand alone" cause; and (4) Plaintiffs have no factual basis to contend that Deutsche Bank is not the assignee or owner of Plaintiffs' mortgage obligation.

Plaintiffs' respond that: (1) the Complaint should not be dismissed because of a de facto statute of limitations of six-months; (2) Plaintiffs have alleged structural defects that would make the loan "void *ab initio*;" (3) Plaintiffs' claims are not barred by laches; and (4) the foreclosing party was not in compliance with Mich. Comp. Laws § 600.3205.

**A. Expiration of Statutory Redemption Period**

Under Michigan's foreclosure statute, there is a six-month redemption period after a sheriff's sale of a foreclosure property; once that period expires, the homeowner has no legal interest in the property. *See El-Seblani v. Indymac Mortg. Servs.,* 510 F. App'x 425, 428 (6th Cir. 2013) (citing *Senters v. Ottawa Sav. Bank, FSB,* 503 N.W.2d 639, 643 (Mich. 1993)). Once the statutory period has expired, the purchaser of the foreclosed property, in this case, Deutsche Bank, gains "all the right, title and interest

which the mortgagor had at the time of the execution of the mortgage." *Id.*; Mich. Comp. Laws § 600.3236. Defendants mischaracterize this expiration of the redemption period as Plaintiffs lacking "standing." Despite this mischaracterization, Defendants are correct that Plaintiffs failed to seek redemption by December 14, 2012, the last day of the six-month redemption timeframe under Mich. Comp. Laws § 600.3240.

The only way for Plaintiffs to circumvent this expiration is by a clear showing of fraud or irregularity. *Brezzell v. Bank of America*, No. 11-11467, 2011 WL 2682973, at *4 (E.D. Mich. July 11, 2011) (citing *Overton v. Mortg. Elec. Registration Sys.,* No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009)). This is a high threshold: "[I]t would require a strong case or fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *El-Seblani*, at 429 (citing *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997)).

Plaintiffs primarily rely on *Manufacturers Hanover Mortgage Corporation v. Snell*, 370 N.W.2d 401 (Ct. App. Mich. 1985) to argue that their Complaint should not be dismissed because of a de facto statute of limitations of six-months (the redemption period under Mich. Comp. Laws § 600.3240). (Pls. Resp., at 5). However, this reliance is misguided. Plaintiffs are correct that "the mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in summary proceeding. . . [t]he mortgagor may raise whatever defenses are available in a summary eviction proceeding." *Snell*, 370 N.W.2d at 404 (citing *Reid v. Rylander*, 270 Mich. 263, 267 (1935)). However, the ability of the courts to rescind the foreclosure sale turns on the merits raised by the Plaintiffs: the claims of fraud or irregularity must have "sufficient merit to meet the high standard imposed by Michigan law on claims to set aside a

foreclosure sale." *El-Seblani*, at 429. Without this ability to challenge the foreclosure proceeding, a mortgagor facing an invalid foreclosure would be without remedy. *Rubin v. Fannie Mae*, No. 12-12832, 2012 WL 6000572, at *3 (E.D. Mich. Nov. 30, 2012) (citing *Mfrs. Hanover Mortg. Corp. v. Snell*, 370 N.W.2d 401, 404 (Ct. App. Mich. 1985)). Plaintiffs must therefore show that fraud or irregularity exists to set aside the foreclosure sale. *Rubin*, at *3 (citing *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997)).

### B. Plaintiffs Have Not Shown the Requisite Fraud in the Foreclosure Process Necessary to Set Aside the Foreclosure Sale

Plaintiffs' Complaint fails to allege fraud in the foreclosure process and thus, fails to state a claim upon which relief can be granted. A claim of fraud under Michigan law requires several elements: (1) that the person (or entity) accused of fraud made a misrepresentation; (2) that it was false; (3) that the person making the claim knew at the time of making the statement that it was in fact false or made the statement with reckless regard to knowledge of the truth; (4) that the person making the statement intended the plaintiff to rely on it; (5) that the plaintiff did in fact rely and act upon the misrepresentation; and (6) that the plaintiff suffered an injury as a result. *Dixon v. Wells Fargo Bank, N.A.*, No. 12-10174, 2012 WL 4450502, at *5 (E.D. Mich. Nov. 30, 2012) (citing *Hi–Way Motor Co. v. Int'l Harvester Co.,* 247 N.W.2d 813, 816 (Mich. 1976)). Plaintiffs have not alleged any facts that would tend to establish the above elements.

### C. Plaintiffs Have Not Shown Irregularity Because They Failed to Request a Meeting to Modify Within the Statutory Timeframe

Plaintiffs' Complaint likewise fails to allege irregularity in the foreclosure process and thus, fails to state a claim upon which relief can be granted. Plaintiffs allege, "PNC[2] has not provided calculations in accordance with Mich. Comp. Laws 600.3205(c)." (ECF No. 1, Pls.' Compl., ¶ 28.) Requirements under Mich. Comp. Laws § 600.3205c, however, are not triggered unless the borrower, either directly or through a housing counselor, requests a meeting seeking a modification. Mich. Comp. Laws § 600.3205a-c. Under Mich. Comp. Laws § 600.3205a(1)(d), Plaintiffs had 30-days after the November 14, 2011 notice was sent to request that meeting. (Defs.' Mot., Ex. 5, at 6, Aff. of Publ'n of MCLA 600.3205a Notice of Mod. Opp.; Ex. 5, at 8, Aff. of Compliance Pursuant to MCL 600.3205a-3205c.) They do not allege or submit as an exhibit to their Complaint any such request within the required time-period. Accordingly, Plaintiffs cannot state a claim of unlawful foreclosure that rests on Mich. Comp. Laws § 600.3205c.[3]

Moreover, Plaintiffs reliance on *Mitan v. Federal Home Loan Mortgage Corporation*, 703 F.3d 949 (6th Cir. 2012) is misguided. *Mitan* held that structural defects in the foreclosure process could make a foreclosure "void *ab initio*." *Mitan* at 954 (citing *Davenport v. HSBC Bank*, 739 N.W.2d 383, 383 (Mich. Ct. App. 2012). However, contrary to *Mitan*, the Michigan Supreme Court held that under Michigan law, a failure to abide by Michigan's foreclosure by advertisement statute "renders the foreclosure

---

[2] There are at least two instances in the complaint served on Defendants where the Plaintiff references PNC; this court assumes that the Plaintiffs' Counsel was referring to either Deutsche Bank or Ocwen, and most likely left PNC in from a previous complaint. (ECF No. 1, Pls.' Compl., ¶¶ 27-28.) Plaintiff corrected these PNC references in their February 27, 2013 complaint.

[3] This same analysis and result apply to Plaintiffs' additional arguments that Defendants' statutory violations support a claim of unlawful foreclosure; i.e., failure of Deutsche Bank to offer the Plaintiffs a modification agreement under Mich. Comp. Laws. § 600.3205(c)(7). (ECF No. 1, Pls.' Compl., ¶ 29.)

voidable, not void *ab initio.*" See *Fannie Mae v. Mandry,* No. 12-13236, 2013 WL 68706, *6 (E.D. Mich. Feb. 26, 2013) (citing *Kim v. JPMorgan Chase Bank, N.A .*, 825 N.W.2d 329, 336-37 (Mich. 2012) (reviewing *Davenport v. HSBC Bank USA,* 739 N.W.2d 383, 384 (Mich. Ct. App. 2007), the decision the Sixth Circuit relied on for the contrary holding of *Mitan*). Under Michigan law, a court cannot declare the foreclosure sale void *ab initio*. *Fannie Mae* at *6.

In sum, Plaintiffs have failed to state a claim for wrongful foreclosure (Count I). Plaintiffs did not redeem the Property within the six-month statutory redemption period. Thus, only a strong showing of fraud or irregularity would permit a court to set aside a foreclosure sale. Plaintiffs' failure to allege facts that would show the requisite fraud or irregularity requires dismissal of their claim for unlawful foreclosure (Count I).

### D. Plaintiffs Cannot State a Claim for Injunctive or Declaratory Relief (Count II) [4]

For all the reasons stated above, Plaintiffs cannot state a claim for injunctive or declaratory relief. Even if this were not so, Plaintiffs cannot state a claim alleging a violation of Michigan's statute for foreclosure by advertisement. In requesting a preliminary injunction, Plaintiffs appear to allege that Defendants are not in the chain of title and that Defendants are in violation of Mich. Comp. Laws. § 600.3204(1)(d). (ECF No. 1, Pls.' Compl., ¶¶ 32, 37.) Mich. Comp. Laws § 600.3204(1) permits a party to foreclosure a mortgage by advertisement if certain circumstances exist: section (d)

---

[4] Plaintiff's February 27, 2013 complaint contains two additional claims for quiet title (Count II) and predatory lending (Count III). (ECF No. 8, Pls.' Supp. Resp., ¶¶ 31-42.) All right, title, and interest in the Property vested in Deutsche Bank on December 14, 2012, the last day to redeem the property. As such, Plaintiff's claim to quiet title fails as a matter of law (Count II). *See Dixon*, 2012 WL 4450502, at *6 (citing *Snell,* 2012 WL 1048576, at *2). Additionally, Michigan does not recognize a cause of action for predatory lending (Count III). *See Yaldo v. Bank of America Corp.*, 700 F. Supp. 2d, 832, 847 (E.D. Mich. 2010) (internal citations omitted).

requires that the party initiating the foreclosure process be "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage."

Plaintiffs do not allege or submit as exhibits to their Complaint any documentation supporting the allegations in Count II. On the other hand, Defendants have provided publically recorded documents showing that Deutsche Bank was the mortgagee of record on the date of the foreclosure sale. On June 25, 2009, MERS assigned the Mortgage to Deutsche Bank National Trust Company as trustee for the holders of GSAMP 2002-HE2, Mortgage Pass Through Certificates, Series 2002-HE2; The Wayne County Register of Deeds recorded this assignment on July 07, 2009. (Defs.' Mot., Ex. 4, The Assignment.) Furthermore, multiple documents relating to the foreclosure process and sale under Mich. Comp. Laws §§ 600.3201 *et. seq.* identified Deutsche Bank as the party that received the mortgage assignment. (Defs.' Mot., Ex. 5, at 6, Aff. of Publ'n of MCLA 600.3205a Notice of Mod. Opp.; Ex. 5, at 4, Foreclosure Notice Evidence of Sale; Ex. 5, at 5, Aff. of Publ'n of Foreclosure Notice; Ex. 5, at 8, Aff. of Compliance Pursuant to MCL 600.3205a-3205c; Ex. 5, at 1, Sheriff's Sale.)

Plaintiffs do not allege or submit exhibits to their Complaint that counter these published documents or the recorded mortgage assignment. Based on the statutory language of section Mich. Comp. Laws § 600.3204(1)(d), Deutsche Bank had the right to initiate foreclosure proceedings against the Plaintiffs' Property.

Under Michigan law, Plaintiffs failure to redeem the Property prior to the expiration of the six-month redemption period, (here, December 14, 2012), and

Plaintiffs' failure to allege any fraud or irregularities in the foreclosure proceedings, requires the dismissal of their claims.

### IV.   Conclusion

For the above stated reasons, Defendants' motion to dismiss is GRANTED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  August 16, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 16, 2013, by electronic and/or ordinary mail.

s/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol Hemeyer